IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


ZITA FUNCHES                                                PLAINTIFF

VS.                      CIVIL ACTION NO.: 5:16-cv-101(DCB)(MTP)

CLAIBORNE COUNTY MEDICAL
CENTER, in its official capacity;
CLAIBORNE COUNTY, MISSISSIPPI, by
and through its BOARD OF
SUPERVISORS, CLAIBORNE COUNTY
MEDICAL CENTER BOARD OF
TRUSTEES; DR. LINDA DUNIGAN,
individually and in her official capacity as
CEO; John or Jane Does 1-10                                DEFENDANTS


MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendants' Motion to Dismiss Plaintiff's Amended Complaint **(docket entry 37)**; the defendants' Unopposed Motion for Additional Time to Respond to Plaintiff's Amended Complaint **(docket entry 39)**; the defendants' Motion to Strike Plaintiff's Expert Designation **(docket entry 41)**; and the defendants' Unopposed Motion to Stay Defendants' Expert Designation Deadline **(docket entry 43)**. Also before the Court is the plaintiff's Motion to Extend Time for Filing Amended Complaint **(docket entry 46)**.

On July 5, 2017, Magistrate Judge Michael T. Parker granted the plaintiff leave to amend her Complaint and ordered her to file the Amended Complaint by July 12, 2017. On September 7, 2017, almost two months after the deadline ordered by the Magistrate

Judge, the plaintiff filed her Amended Complaint. The defendants complain that the plaintiff should have requested an extension of time to file her Amended Complaint.

Federal Rule of Civil Procedure 6(b) provides that a party must show "excusable neglect" when filing a motion for additional time after a deadline has expired. The Court notes, however, that the plaintiff's Amended Complaint was attached to her Motion for Leave to File Amended Complaint of June 16, 2017. Thus, the defendants had the Amended Complaint well before the July 12, 2017 deadline. The Court finds excusable neglect on the part of the plaintiff, and shall deny the defendants' Motion to Dismiss Plaintiff's Amended Complaint (docket entry 37). Accordingly, the plaintiff's Motion to Extend Time for Filing Amended Complaint (docket entry 46) shall be granted retroactively, and the Amended Complaint filed September 7, 2017, is deemed timely.

Next, the defendants request (in docket entry 39) that if the Court denies their Motion to Dismiss Plaintiff's Amended Complaint, then they should be allowed fourteen days from the date of the Court's ruling to respond to the plaintiff's Amended Complaint. Since the plaintiff has no objection, the defendants' motion shall be granted as unopposed.

The defendants also move to strike the plaintiff's expert designation (docket entry 31). The original expert designation deadline was September 1, 2017. The plaintiff requested and was

granted an extension to September 8, 2017. On September 8, the plaintiff filed her expert designation naming David C. Wilson as her expert. However, the designation did not reveal any opinions of the expert. Instead, the plaintiff advised that Wilson's investigation was not complete, and that he would provide a written report detailing his conclusions in five to six weeks.

Where a party fails to provide information required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). For those failures that are not substantially justified or harmless, this sanction is "self-executing" and "automatic." Fed.R.Civ.P. 37(c)(1), Advisory Comm. Note (1993). To determine whether a failure to comply with Rule 26(a) is substantially justified or harmless, a court considers four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." Primrose Operating Co. v. Nat'l Am. Ins. Co., 382 F.3d 546, 563-64 (5th Cir. 2004)(citations and internal quotation marks omitted).

Apparently Mr. Wilson is essential to the plaintiff's proof of damages; thus, his evidence is important to the plaintiff's case. This factor weighs in favor of including his expert report. On the

3

other hand, the defendants argue that they have been prejudiced by the plaintiff's failure to provide an expert report from Mr. Wilson. A party's delay in filing an expert report "disrupt[s] the court's discovery schedule and the opponent's preparation." Geiserman v. MacDonald, 893 F.2d 787, 792 (5th Cir. 1990). Therefore, significant delay may be prejudicial to the opposing party. Courts often find late expert designations prejudicial where the delay interferes with the opposing party's opportunity to depose the expert. See, e.g., id. at 791-92 (affirming district court's decision to strike untimely expert designation where opposing party complained that he would be unable to prepare for and take the expert's deposition before the discovery deadline); Bradley v. United States, 866 F.2d 120, 125 (5th Cir. 1989)(reversing district court's decision not to strike untimely expert designations where opposing party was forced to depose the experts a few days before trial).

In this case, the discovery deadline is January 5, 2018. The defendants are not learning of the plaintiff's expert on the eve of trial, since trial is tentatively set for June 4, 2018. Furthermore, the plaintiff's conduct has not caused the defendants any significant prejudice. There is still time for the plaintiff's expert to file his report and for the defendants to conduct discovery regarding the expert. The Court shall therefore require the plaintiff to furnish her expert disclosure, accompanied by the

4

expert's written report, within twenty (20) days from the date of entry of this Order.

Finally, the Court shall grant the defendants' Unopposed Motion to Stay Defendants' Expert Designation Deadline (docket entry 43), and the defendants' expert disclosure shall be due within thirty (30) days after the plaintiff's expert disclosure).

Accordingly,

IT IS HEREBY ORDERED that the defendants' Motion to Dismiss Plaintiff's Amended Complaint **(docket entry 37)** is DENIED;

FURTHER ORDERED that the plaintiff's Motion to Extend Time for Filing Amended Complaint **(docket entry 46)** is GRANTED retroactively, and the Amended Complaint filed September 7, 2017, is deemed timely;

FURTHER ORDERED that the defendants' Unopposed Motion for Additional Time to Respond to Plaintiff's Amended Complaint **(docket entry 39)** is GRANTED, and the defendants shall file their response to the amended complaint within fourteen (14) days from the date of entry of this Order;

FURTHER ORDERED that the defendants' Motion to Strike Plaintiff's Expert Designation **(docket entry 41)** is DENIED, and the plaintiff shall furnish her expert disclosure, accompanied by the expert's written report, within twenty (20) days from the date of entry of this Order;

FURTHER ORDERED that the defendants' Unopposed Motion to Stay

Defendants' Expert Designation Deadline **(docket entry 43)** is GRANTED, and the defendants' expert disclosure shall be due within thirty (30) days after the plaintiff's expert disclosure.

SO ORDERED, this the 23rd day of October, 2017.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE